CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 10 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY E. DAVIS, #342495<br>Petitioner, | )<br>) Civil Action No. 7:07cv00089<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE M. JOHNSON, Director of<br>Virginia Department of Corrections,<br>Respondent. | )<br>)<br>) By: Hon. James C. Turk<br>) Senior U.S. District Judge |

Petitioner Jerry E. Davis, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Davis challenges the validity of his convictions in the Circuit Court of Appomattox County. This action is presently before the court on respondent's motion to dismiss, to which Davis has responded, making the matter ripe for the court's consideration. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On October 12, 2004, Davis, pursuant to a plea agreement, pleaded guilty in the Circuit Court of Appomattox County to distribution of cocaine, four counts of distribution of cocaine (second or subsequent offense), distributing imitation cocaine, five counts of uttering, and obstruction of justice. He was subsequently sentenced, consistent with the plea agreement, to a total term of imprisonment of 60 years, with 47 suspended, plus a fine of $10,000. Davis pursued no direct appeal of his convictions.

On September 22, 2005, Davis filed a petition for writ of habeas corpus in this court, but the petition was dismissed on September 23, 2005 for failure to exhaust state court remedies. On April 6, 2006, Davis filed a petition for writ of habeas corpus in the Circuit Court of Appomattox County in which he raised one claim of ineffective assistance of counsel; he argued that trial counsel was

ineffective in failing to perfect an appeal of Davis' 12 convictions. The court found Davis' claim to have no merit and accordingly dismissed it on June 22, 2006.

Next, Davis untimely filed an appeal in the Supreme Court of Virginia. Finding, under Virginia Supreme Court Rule 5:9(a), that Davis' appeal was not properly perfected, the court dismissed Davis' petition for appeal on November 6, 2006.[1] Davis subsequently filed a Petition for Rehearing, which was also denied on January 18, 2007.

Davis filed the instant petition on February 26, 2007, raising an identical claim of ineffective assistance of counsel as in his state habeas petition. Respondent moved to dismiss the petition on April 10, 2007, arguing that Davis' petition is untimely. Additionally, respondent contends that Davis' claim is procedurally barred and that this court should give deference to the decision of the Circuit Court of Appomattox County that the claim was without merit.

## ANALYSIS

Davis' claim is barred by the statute of limitations. Pursuant to 28 U.S.C. § 2244(d), a state prisoner must file his petition for a writ of habeas corpus within one year of the date upon which the judgment became final, subject to tolling for the period when a properly filed state collateral review proceeding was pending. See Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final upon the expiration of the time for seeking direct review. Davis was convicted on October 22, 2004 and his time for seeking direct review expired 30 days later. Therefore, on November 22, 2004, Davis' convictions became final and he had one year

---

[1] Davis contends that he timely mailed the notice of appeal within the 30-day time limit, but that it "seemed to have gotten lost in the institutional mail." Since the one-year statutory deadline to file a federal habeas petition had already passed, Davis' contention does not affect tolling of the statute of limitations and, therefore, has no bearing on the disposition of the instant petition.

2

from that date to challenge his convictions in a federal habeas petition. Davis did not meet this November 22, 2005 deadline; in fact, by that date Davis had yet to file his state petition in the Circuit Court of Appomattox County.² Accordingly, Davis' petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.³ Davis has made no such demonstration.

Davis argues only one relevant ground for equitable tolling: that the Appomattox County Jail, in which he was housed between October 12, 2004 until March 31, 2005, had no law library and, therefore, that the State impeded Davis' access to relevant legal materials necessary to allow Davis to properly file a petition for writ of habeas corpus.⁴ Davis' lack of familiarity with the legal process and lack of access to legal materials is an insufficient basis upon which to invoke equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)).

Furthermore, Davis was transferred from the Appomattox County Jail to the Deep Meadows Correctional Facility on March 31, 2005, a facility with sufficient legal materials to allow Davis to

---

² Davis' one-year clock had already run by the time he filed his state habeas petition; therefore, the state petition afforded Davis no tolling under § 2244(d)(2).

³ Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

⁴ Davis also contends that by filing a petition with this court on September 22, 2005, he was "adher[ing] to what [this] court required of him," and that the instant petition should not be time-barred as he was merely following the instruction of this court. That petition, however, was dismissed as unexhausted on September 23, 2005. In the memorandum opinion this court advised Davis of the steps he was required to take in order to exhaust his state court remedies, yet Davis did not file his state habeas petition until April 6, 2006, more than four months after the completion of the one-year statute of limitations.

3

file the September 22, 2005 petition in this court. Davis was subsequently transferred to the Buckingham Correctional Facility, and later to the Augusta Correctional Center where he is presently housed, a facility in which Davis concedes that the law library is "more than adequate." Therefore, even assuming arguendo that Davis' lack of access to legal materials at the Appomattox County Jail constituted an extraordinary circumstance that prevented him from filing on time, he failed to exercise due diligence in investigating and bringing his claim once the impediment was removed. Davis has not presented any extraordinary circumstances beyond his control that prevented him from filing on time. Accordingly, I find that Davis has not demonstrated grounds sufficient for this court to apply equitable tolling. Therefore, his claim is barred by the statute of limitations and must be dismissed.

Moreover, even assuming arguendo that Davis is entitled to equitable tolling of the statute of limitations, this court must still defer to the decision of the Circuit Court of Appomattox County that Davis' claim is without merit. A federal court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The decision made by the Circuit Court of Appomattox County on Davis' claim was not contrary to clearly established federal law governing claims of ineffective assistance of counsel, the two-part test of Strickland v. Washington, 466 U.S. 668 (1984), nor was the court's decision based upon an unreasonable determination of the facts. Therefore, this court must defer to the decision of the Circuit Court of Appomattox County. Accordingly, Davis' claim must be dismissed.

4

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 10th day of July, 2007.

*/s/ James C. Turk*
Senior U.S. District Judge